**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHARLES D. LEWIS,

    Petitioner,                  CASE NO. 05-CV-73438-DT
v.                                     HONORABLE BERNARD A. FRIEDMAN
                                          CHIEF UNITED STATES DISTRICT JUDGE

JOHN PRELESNIK,

    Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Charles D. Lewis, ("Petitioner"), presently confined at the Ojibway Correctional Facility in Marenisco, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction and sentence for armed robbery, M.C.L.A. 750.529. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was convicted in the Oakland County Circuit Court after a bench trial, in which he was tried jointly with his brother and co-defendant Clifton Lewis.

The victim, Nathan Acord, testified that he was on the porch of a friend's house in Pontiac, Michigan, when he was approached by petitioner and his brother. Petitioner and his brother made insulting remarks about the victim's dog. Either petitioner or his brother then kicked the dog, causing it to run away.

1

Petitioner told the victim, "If you fight it's going to make it even harder on you." Petitioner and his brother then began to physically assault the victim. The victim attempted to escape from his friend's porch, but petitioner and his brother "bum-rushed" the victim and pressed him up against a truck. The victim then was physically assaulted by both petitioner and the co-defendant. While the beating was taking place, both men were searching through the victim's pockets. The victim testified that he had a platinum chrome Mickey Mouse watch as well as between $ 15.00 and $ 17.00 in his pocket and a great deal of change. The victim testified that he attempted to escape from the men by running up onto a porch about ten feet away from where he was being assaulted. Petitioner and his brother chased the victim onto the porch, where the assault continued. While the victim was curled up on the porch either Petitioner or his brother said that they were going to "beat the shit out of him" and said to the other to kill "the white boy". While he was on the porch, either Petitioner or his brother picked up a lawnmower and struck the victim in the face. Petitioner and his brother were then joined by two to three other individuals who continued beating and kicking the victim. The victim testified that he was struck again with the lawnmower a number of times. The police finally arrived.

    The victim believed that his watch had been taken while he was by the truck but was unsure when his money was taken. He also stated that the substantial amount of change that he had in his possession ended up on the

porch where he was assaulted with the lawnmower.

Two neighbors, Paul Rodriguez and Brad Strahan, witnessed the victim being assaulted on the porch by three black males. One of the black males, who was later identified by the clothing that he had been wearing as Clifton Lewis, was observed picking up a lawnmower and trying to use it to hit the victim. Strahan identified petitioner and his brother as taking part in the beating.

Pontiac Police arrived on the scene and pursued and arrested petitioner and his brother. Clifton Lewis was arrested and placed in a patrol car. After he was removed from the patrol car, a watch consistent with that belonging to the victim was found in the police car. Clifton Lewis also had $ 11.00 on his person. Petitioner was apprehended after a foot chase. Police discovered a large amount of blood on the toes of his shoes.

At the conclusion of the testimony, petitioner and his brother were convicted of armed robbery. Petitioner was sentenced to eight to twenty years in prison.

Petitioner's conviction was affirmed on appeal. *People v. Lewis,* 242231 (Mich.Ct.App. December 18, 2003); *lv. den.* 471 Mich. 890; 687 N.W. 2d 297 (2004).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. The prosecution did not meet its burden to prove beyond a

3

reasonable doubt with sufficient evidence that Petitioner committed armed robbery where the alleged dangerous weapon was a lawnmower that was used to assault the victim after the larceny had taken place.

II. The trial court committed reversible error by failing to sufficiently depart downward from the sentencing guidelines.

III. Defendant's trial counsel was ineffective because he did not seek dismissal of the charges based on the plain language of the armed robbery statute that mandates the use of a weapon contemporaneously with a taking, did not argue that Defendant's lesser culpability mandated a greater downward departure in sentencing and did not move for a new trial in light of *People v Randolph*, 466 Mich 532; 648 NW2d 163 (2002).

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v.*

4

*Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

#### A. Claim # 1. The sufficiency of evidence claim.

Petitioner first contends that there was insufficient evidence to convict him of armed robbery, because the evidence at trial established that the victim was not assaulted with the lawnmower until after his watch and billfold had already been taken from him.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *See Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). A conviction may rest on

circumstantial evidence and a federal habeas court reviewing the sufficiency of evidence to support a conviction need not rule out all possible interpretations of the circumstantial evidence. *Id.* A conviction may be based upon circumstantial evidence as well as inferences based upon the evidence. *Id.* The *Jackson* standard applies to bench trials, as well as to jury trials. *See Gilley v. Collins,* 968 F. 2d 465, 467 (5th Cir. 1992); *Gross v. Romanowski*, 2006 WL 3690923, *4 (E.D. Mich. December 12, 2006).

The elements of armed robbery under Michigan law are: (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004)(citing M.C.L.A. 750.529; *People v. Allen*, 201 Mich. App. 98, 100; 505 N.W. 2d 869 (1993)).

To prove armed robbery, the evidence must establish that the assault against the victim occurred before, or contemporaneous with, the taking of the property. *See People v. Scruggs,* 256 Mich. App. 303, 309-10; 662 N.W. 2d 849 (2003). The Michigan Court of Appeals concluded in *Scruggs* that Michigan's armed robbery statute does not encompass the use of "the transactional approach", under which a robbery is not complete until the robber has escaped with the stolen merchandise. *Id.* The court in *Scruggs* based its decision on the Michigan Supreme Court's earlier decision in *People v. Randolph,* 466 Mich. 532; 648 N.W. 2d 164 (2002), which likewise rejected a "transactional approach"

6

to the offense of unarmed robbery and concluded that an unarmed robbery requires that the use of fear, violence, or force occur before the larcenous taking or simultaneous with it. *Id.* at 546.

In the present case, there was sufficient evidence for the trial court to conclude that the larcenous taking of the victim's property was contemporaneous with the assault with the lawnmower. As the Michigan Court of Appeals pointed out in its decision affirming petitioner's conviction, *See Lewis,* Slip. Op. at * 2, unlike the cases of *Randolph* and *Scruggs,* there was no clear and distinct break in time between the larcenous taking and the use of the lawnmower, because the assault on the victim was continuous. The victim testified that petitioner and the co-defendant "took a break for a second after they took everything." The victim testified that he ran about ten feet onto his neighbor's porch, where the petitioner and his brother immediately chased him and continued assaulting him. During this second assault, either petitioner or his brother hit the victim with the lawnmower. (T. , pp. 30-31). In addition, the victim testified that his bag of change was scattered all over the porch where he was assaulted with the lawnmower. (*Id.* at pp. 29-30). Because the victim testified that he was not sure when his money was taken (*Id.* at pp. 43, 51), a rational trier of fact could have concluded that his money was taken on the porch, where the victim was assaulted with the lawnmower. Under the evidence presented, neither *Randolph* nor *Scruggs* supports the conclusion that petitioner's armed

7

robbery conviction was erroneous under the proper definition of that crime. Petitioner is therefore not entitled to habeas relief on his first claim. *Cf. Turner v. Warren,* No. 2006 WL 1109300, * 6-7 (E.D. Mich. April 26, 2006).

### B. Claim # 2. The sentencing claim.

Petitioner next contends that the trial court erred in failing to depart sufficiently below the sentencing guidelines range of 9-15 years in his case, claiming that there substantial and compelling reasons for the trial court to depart further from the guidelines range pursuant to M.C.L.A. 769.34(3).

Petitioner's sentence of eight to twenty years was within the statutory maximum for armed robbery. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A claim that a sentence is imposed in violation of Michigan's sentencing law does not state a claim for relief in a habeas proceeding where there is no claim that the sentence violates the cruel and unusual punishment clause of the Eighth Amendment. *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1075 (E.D. Mich. 2000).

Petitioner does not allege that his sentence was cruel and unusual under the Eighth Amendment, but merely contends that the state court did not recognize under Michigan law that it had the authority to depart further below the sentencing guidelines range. Because petitioner's argument that the trial court disregarded its authority to depart further below the sentencing guidelines range

8

is based on Michigan law, it is noncognizable on federal habeas review. *See e.g. Branan v. Booth,* 861 F. 2d 1507, 1508 (11th Cir. 1988).

To the extent that petitioner is arguing that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf, this claim fails because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *Alvarado v. Hill,* 252 F. 3d 1066, 1069 (9th Cir. 2001)(*citing to Harmelin v. Michigan,* 501 U.S. 957, 996 (1991)).  Because petitioner had no constitutional right to an individualized sentence, no constitutional error would occur if the state trial court failed to consider mitigating evidence on his behalf at sentencing. *Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).  Petitioner's claim that the trial court failed to adequately depart below the sentencing guidelines range pursuant to M.C.L.A. 769.34(3) is therefore non-cognizable on federal habeas review. *See Stewart v. Lavigne,* 2006 WL 752603, * 6-7 (E.D. Mich. March 22, 2006).

### C.  Claim # 3.  The ineffective assistance of counsel claims.

Petitioner lastly contends that he was deprived of the effective assistance of trial counsel.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002).  *Strickland*

established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first contends that trial counsel was ineffective for failing to move for a dismissal of the armed robbery charge or for a new trial, because the evidence failed to establish that the larcenous taking was contemporaneous with the assault with the lawnmower. The Mihcigan Court of Appeals rejected this claim, finding that such a motion would have been frivolous in light of the sufficient evidence that was presented against petitioner. *Lewis,* Slip. Op. at * 4.

Failing to file a frivolous motion to dismiss does not constitute ineffective assistance of counsel. *See Goldsby v. U.S.,* 152 Fed. Appx. 431, 438 (6th Cir. 2005). Because the evidence was sufficient to prove the elements of armed robbery, counsel's failure to move for a directed verdict did not amount to ineffective assistance of counsel. *Maupin v. Smith*, 785 F. 2d 135, 140 (6th Cir. 1986); *See also Hurley v. United States,* 10 Fed. Appx. 257, 261 (6th Cir. 2001). Likewise, because there was sufficient evidence to convict petitioner of armed robbery, counsel was not ineffective for failing to move for a new trial on the ground that the verdict went against the great weight of the evidence. *See United States v. Clark,* 41 Fed. Appx. 745, 750 (6th Cir. 2002).

Petitioner further claims that counsel was ineffective for failing to argue that petitioner's lesser culpability mandated a greater downward departure from

the minimum sentencing guidelines range. Counsel, in fact, made a lengthy argument at sentencing, in which he contended that there were numerous factors which justified a downward departure from the sentencing guidelines range, including the the fact that petitioner had only been an aider and abettor to the crime. Counsel asked the court to sentence petitioner to three to twenty years in prison. (Sent. T., pp. 9-11). Because counsel did, in fact, request a downward departure from the sentencing guidelines range, petitioner's ineffective assistance of counsel claim is without merit. *See United States v. Williams,* 101 Fed. Appx. 606, 607-08 (6th Cir. 2004).

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal

district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002); *Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

_____s/Bernard A. Friedman_____
 **HON. BERNARD A. FRIEDMAN**
 CHIEF UNITED STATES DISTRICT JUDGE

DATED: March 5, 2007